ADOLF GOLDSTEIN, Respondent, *v.* ELLEN V. DOLLARD, Appellant.

First Department, December 1, 1916.

**Costs — recovery of less than fifty dollars in action in Supreme Court — when defendant entitled to trial fee although judgment rendered on default.**

Where a plaintiff brings an action in the Supreme Court and recovers less than fifty dollars expended for the defendant's account, the defendant, being entitled to costs, may include therein thirty dollars, the trial fee for the trial of an issue of fact, although the defendant defaulted and did not appear at trial.

APPEAL by the defendant, Ellen V. Dollard, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of July, 1916, granting plaintiff's motion for a retaxation of costs and striking from the bill of costs an item of thirty dollars allowed to the defendant as a trial fee for the trial of an issue of fact.

*Jacob C. Brand*, for the appellant.

——— ———, for the respondent.

PAGE, J.:

The action was brought to recover twenty-four dollars and fifty-six cents alleged to have been expended by the plaintiff for the defendant's account. Issue was joined by the defendant's answer, and the case came on for trial in its regular order upon the calendar. The defendant defaulted upon the trial and judgment was rendered for the plaintiff in the sum of twenty-four dollars and fifty-six cents. The defendant then taxed a bill of costs for fifty-seven dollars and sixty cents, including an item of thirty dollars for the trial of an issue of fact; after deducting twenty-four dollars and fifty-six cents adjudged to be due the plaintiff, judgment was entered in favor of the defendant for the sum of thirty-three dollars and four cents. The learned justice at Special Term granted the

motion to strike from the bill of costs the item of thirty dollars for trial fee for the trial of an issue of fact, upon the ground that the defendant did not appear upon the trial and, therefore, was not entitled to tax this item.

Section 3228 of the Code of Civil Procedure provides in subdivision 4 thereof: "But the plaintiff is not entitled to costs, under this subdivision, unless he recovers the sum of fifty dollars or more." Section 3229 of the Code of Civil Procedure provides: "The defendant is entitled to costs, of course, upon the rendering of final judgment, in an action specified in the last section, unless the plaintiff is entitled to costs, as therein prescribed." There can be no doubt under these sections that though the defendant defaulted upon the trial he was, nevertheless, entitled to tax costs. Section 3251 of the Code of Civil Procedure provides in subdivision 3 thereof that costs shall be awarded "to either party * * * for the trial of an issue of fact * * * thirty dollars." It has been frequently held that this provision applies, even though the trial was merely an inquest, and had the plaintiff recovered more than fifty dollars he would have been entitled to tax as a part of his costs thirty dollars for the trial of an issue of fact. The question is, does the fact that the defendant failed to appear on the trial deprive him of this right? There is no express provision of the Code which limits the right to a case where the party taxing the costs has appeared at the trial, and I am unable to find a reported case in which the question has been determined. While there seems to be some injustice in allowing a party who has defaulted and failed to appear at the trial to tax costs for a trial, nevertheless, this provision of the Code is in the nature of a penalty imposed upon the plaintiff for bringing an action in the Supreme Court which could just as well have been brought in a Municipal or Justice's Court, and the costs imposed in favor of the defendant are not supposed to be commensurate with the burden imposed upon him. The plaintiff or his attorney must have known when the action was brought that under the law the defendant would be entitled to costs and that the costs would amount to more than the judgment. Any hardship imposed upon this particular plaintiff would seem, therefore, to have been self-imposed.

There was a trial within the meaning of the Code, and

whether the defendant attended it or not, he is entitled under its strict language to tax the trial fee.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, and the bill of costs as taxed reinstated.

CLARKE, P. J., LAUGHLIN, SCOTT and DOWLING, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and bill of costs as taxed reinstated.